## JEFF McCUTCHEON v. THE STATE.

### No. 3277.  Decided April 25, 1906.

**1.—Aggravated Assault—Indictment.**

Upon a trial for aggravated assault where the indictment charged the defendant with presenting a deadly weapon towards the person injured with intent to alarm, etc., the same did not charge an aggravated assault, but only simple assault.

**2.—Same—Evidence.**

Where upon trial for aggravated assault the evidence showed that the party injured approached defendant with a pistol, when defendant raised his gun to his waist with the muzzle pointing in the direction of the party alleged to have been injured, and told him to stop and then turned and went away; the same was insufficient to sustain a conviction of aggravated assault.

Appeal from the County Court of Travis. Tried below before Hon. John W. Hornsby.

Appeal from a conviction of aggravated assault; penalty, a fine of $100 and twelve months confinement in the county jail.

The facts are stated in the opinion.

*Bloor & Thrasher,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant is charged with an assault, in that he, with a gun, the same being a deadly weapon, committed an aggravated assault upon A. G. Boyce, and did present said deadly weapon towards the person of said A. G. Boyce, in an angry and threatening manner with intent to alarm the said Boyce under circumstances calculated to accomplish that purpose. The evidence shows that appellant had been to town, sold a bale of cotton, which was partly his property and partly that of Mrs. Boyce, whose place he was working as a tenant. Upon returning to Mrs. Boyce's residence he inquired if her son, A. G. Boyce, was at home. Being informed that he was absent appellant stated he had sold a bale of cotton and would like to leave the money with Mrs. Boyce until her son returned, when they could have a settlement. Appellant went into the dining room where there was a light to count it. He counted it several times, having some difficulty in making the correct count, and felt in his pockets for the gin slip, upon which the weight of the bale was written. He was unable to find it. He counted the money and Mrs. Boyce told him he could go. He started off, but stopped on the gallery. He had his hat on in the presence of the daughter of Mrs. Boyce, a thing, which she says, he never did before. Just at this juncture appellant returned to the door, and handed Mrs. Boyce the slip which he had previously been unable to find, and started away. In going down the steps of the gallery, he stumbled, and appeared as if drinking. Witness became alarmed at appellant's actions, and told him to go home; that her son would soon be back. Defendant left. She told Jesse McCutcheon that she thought his father was drinking, and he had better take him home. Appellant admitted taking two glasses of beer while in town.

A. G. Boyce testified that he and his wife went away from home on the day of the alleged assault, returning about dusk. When he drove up his sister came up to the buggy and informed him that defendant had been there and left some cotton money to be divided when he came home; that defendant had frightened her; that he (witness) was unhitching his team when defendant called him. He ordered appellant off the place, stating to him, "You have been here and frightened these women folks, and I don't want you around here." Appellant wanted to know what he had done, and advanced a step

or two towards witness, stating he had done nothing. Appellant did not leave when ordered, but stopped in a respectful manner, and offered no violence whatever; that witness went into the house, got his pistol, came out with it in his hand and advanced upon appellant, and ordered him to leave. He did not point the pistol at defendant, and made no gestures or threats. As witness approached defendant, defendant pointed his gun towards him, holding it near his waist, but not putting it to his shoulder, with the muzzle pointing in the direction of witness, and threatened to shoot him. Witness stopped, and witness' wife told defendant to go home. Appellant replied to her, "All right, Miss Betty," lowered his gun and went home. This witness lived about fifty yards from his mother, and appellant about two hundred yards away. Appellant's testimony in some material respects contradicts that for the State. When he first went to the house of Mrs. Boyce, appellant did not have the gun, but in leaving the house he went by the lot where his son (Jesse) was milking the cows for Mrs. Boyce. When he reached the cow-pen, his son requested him to carry the shotgun home, which he the boy had been using that day hunting. Appellant picked up the gun, and about that time Mr. Boyce returned, and appellant went back to the Boyce residence, a short distance away to see Mr. Boyce in reference to the cotton matter. He states that Mr. Boyce pointed a pistol at him, and contradicts him in some other matters as to the transaction.

Taking the State's evidence, we do not believe the conviction is justified. Boyce was approaching appellant with a pistol, and appellant raised his gun to his waist, imploring him to stop and threatened him. When spoken to and ordered away, appellant left. We do not believe these facts justified the conviction. He was not debarred his right of self-defense under the facts as we understand them. He certainly had a right to meet Mr. Boyce and ask for a settlement.

Under the authorities we do not believe the indictment charges an aggravated assault. The use of the weapon simply with intent to alarm constitutes a simple assault. So we believe the indictment would not form the basis for the conviction of a higher offense than simple assault. As before stated, we do not believe, however, the evidence justified a conviction. The strongest case for the State made was by A. G. Boyce, who states that he was approaching appellant with a pistol when appellant raised the gun to his waist with the muzzle pointing in his direction, and told him to stop. This he certainly had a right to do, and this was all that he did, for immediately, at the request of Mrs. A. G. Boyce, he turned and went away, with the remark, "All right, Miss Betty." Certainly he would have the right to prevent A. G. Boyce from killing him or shooting him, or using the pistol under the state of case made by Boyce himself. So, under any view of this case, we do not believe this conviction is justified.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*